UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| TALTECH LIMITED, | | |
| Plaintiff, | | No. C04-974Z |
| v. | | |
| ESQUEL ENTERPRISES LTD., | | ORDER |
| Defendant. | | |

This matter comes before the Court on Esquel's Motion for Summary Judgment, docket no. 196, Taltech's Motion for Partial Summary Judgment, docket no. 198, and the motions to strike contained therein. Having considered the parties' briefs, declarations, and exhibits thereto, the Court enters this Order.

(1) The Court DENIES IN PART and DEFERS IN PART Esquel's Motion for Summary Judgment, docket no. 196, as follows:

(a) The Court DEFERS, until after oral argument, a ruling on Esquel's motion for summary judgment as to the issues of non-infringement.

(b) The Court DENIES Esquel's motion for summary judgment as to the best mode requirement. See 35 U.S.C. § 112. Summary judgment is precluded because there are genuine issues of material fact on both components of the

ORDER 1–

best mode analysis. See Amgen, Inc. v. Chugai Pharm. Co., 927 F.2d 1200, 1209 (Fed. Cir. 1991).

(2) The Court DENIES Esquel's motion to strike the Nienke and Hall Declarations, see Esquel's Reply, docket no. 209, at 19.

(3) The COURT GRANTS IN PART, DENIES IN PART and DEFERS IN PART Taltech's Motion for Partial Summary Judgment, docket no. 198, as follows:

    (a) The Court DEFERS, until after oral argument, a ruling on Taltech's motion for partial summary judgment as to the issues of infringement.

    (b) The Court DENIES Taltech's motion for partial summary judgment as to inequitable conduct. Materiality for purposes of inequitable conduct occurs when "a misstatement or omission is material under the new Rule 56 standard" or "under the 'reasonable examiner' standard." Digital Control, Inc. v. Charles Mach. Works, 437 F.3d 1309, 1316 (Fed. Cir. 2006). "Intent to mislead or deceive is a factual issue that, if contested, is not readily determined within the confines of FED. R. CIV. P. 56." KangaROOS U.S.A., Inc. v. Caldor, Inc., 778 F.2d 1571, 1576 (Fed. Cir. 1985). Summary judgment is precluded because there are genuine issues of material fact as to the materiality of the prior art and the intent to mislead or deceive.

    (c) The Court GRANTS Taltech's motion for partial summary judgment as to Esquel's first and third patent misuse contentions and DISMISSES Esquel's first and third patent misuse contentions. Esquel has not opposed Taltech's motion as to Esquel's first patent misuse contention that Taltech imposed inappropriate grant back clauses. Esquel also has not opposed Taltech's motion as to Esquel's third patent misuse contention that Taltech imposed a requirement of patent marking on products irrespective of whether the products practiced the patents. The Court deems Esquel's failure to oppose

ORDER 2–

Taltech's motion regarding these two contentions as admissions that the motion has merit. See Local Rule CR 7(b)(2).

(d) The Court DEFERS, until after oral argument, a ruling on Taltech's motion for partial summary judgment as to Esquel's second patent misuse contention relating to Taltech's licensing arrangement with Phillips-Van Heusen ("PVH"). However, the Court has tentatively concluded that the motion should be granted and that this contention should also be dismissed. Esquel has submitted no evidence that the "overall effect of the license tends to restrain competition unlawfully in an appropriately defined relevant market." See Windsurfing Int'l, Inc. v. AMF, Inc., 782 F.2d 995, 1001-02 (Fed. Cir. 1986). Esquel has also failed to submit any evidence showing that the license was in any way connected to PVH's abandonment of the Scarbinsky patent application. At oral argument, Esquel should be prepared to discuss what evidence, including any deposition of any licensee, relating to the PVH license precludes summary judgment.

(e) The Court GRANTS Taltech's motion for partial summary judgment as to double patenting and DISMISSES Esquel's double patenting defense. Taltech has filed a terminal disclaimer that cures the double patenting problem. Taltech's Reply, docket no. 211, Appendix 10; Perricone v. Medicis Pharm. Corp., 432 F.3d 1368, 1375 (Fed. Cir. 2005) ("[T]he Patent Act and PTO rules support the filing of a terminal disclaimer even after issuance of the second patent.").

(4) The Court DENIES Taltech's motion to strike the supplemental reports of Manbeck and Haddock, see Taltech's Reply, docket no. 211, at 19.

(5) The Court DENIES Taltech's motion to strike the Haddock and Cook rebuttal reports, see Taltech's Opp'n, docket no. 203, at 35.

ORDER 3–

IT IS SO ORDERED.

DATED this 23rd day of August, 2006.

_____
Thomas S. Zilly
United States District Judge

ORDER  4–