UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TALTECH LIMITED,

                Plaintiff,

v.

ESQUEL ENTERPRISES LTD.,

                Defendant.

No. C04-974Z

ORDER

This matter comes before the Court on the deferred portion of Taltech Limited's ("Taltech") Motion for Partial Summary Judgment, docket no. 198, regarding Esquel Enterprises Ltd.'s ("Esquel") patent misuse contention relating to Taltech's license agreement with Phillips-Van Heusen ("PVH"). Having considered the parties' briefs and supplemental briefs, declarations, and exhibits thereto, and the oral argument of counsel on August 25, 2006, the Court GRANTS this deferred portion of Taltech's motion and DISMISSES with prejudice Esquel's "PVH" patent misuse defense for the reasons outlined herein.

## **BACKGROUND**

On May 17, 1994, John Wong's patent application was filed. On October 29, 1996, U.S. Patent No. 5,568,779 ("the '779 Patent") was issued, on which Tal Apparel Ltd. ("Tal")

ORDER 1–

(Taltech's predecessor) was listed as the assignee.

Over the course of the next year, Tal advised PVH about the issuance of the '779 Patent, and Tal and PVH discussed the possibility of PVH's licensing of the patented pucker free seam technology from Tal. See Esquel's Sur-Response, docket no. 220, Exs. A, C, D. It became known to Tal that PVH had filed a patent application for similar technology developed by PVH's Robert Scarbinsky. Id. Ex. C. On August 7, 1997, Tal's counsel inquired of PVH's counsel whether PVH had "been able to prepare a Rule 131 Declaration antedating the Wong application filing date." Id., Ex. E. A Rule 131 declaration refers to an "affidavit or declaration of prior invention to overcome cited patent or publication." 37 C.F.R. § 1.131 (1997). No such declaration has been submitted into the record of this case. On August 20, 1997, PVH turned over "PVH's invention documents." Esquel's Sur-Response, Ex. F. On October 1, 1997, Tal's counsel sent a letter to PVH's counsel, attaching the license agreement for PVH's signature and stating "We understand that the PVH United States application for patent will be expressly abandoned based upon lack of true inventorship." Id. Ex. I.

On December 22, 1997, Tal and PVH entered into a license agreement that granted PVH nonexclusive rights under TAL's patents relating to pucker free seam technology. Stolte Decl., docket no. 202, Ex. V. The agreement stated an "effective date of October 29, 1996." Id. The license agreement required PVH to pay TAL certain royalties, which PVH and TAL orally agreed that PVH would not have to pay unless and until TAL found other licensees. Id. Ex. T (Harry Lee Dep.) at 56; Ex. W.

On April 2, 1998, the United States Patent and Trademark Office ("USPTO") issued a Notice of Abandonment of Mr. Scarbinsky's patent application. Taltech's Reply, docket no. 211, Appendix 8. This Notice states the following reason for abandonment: "Applicant's failure to respond to the Office letter, mailed 8-18-97." Id.

///

ORDER  2–

**DISCUSSION**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 250 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [the non-movant's] favor." Anderson, 477 U.S. at 255.

Esquel asserts that Tal committed patent misuse by waiving PVH's duty to pay certain royalties under the written license agreement in return for PVH's abandonment of Mr. Scarbinsky's patent application. Esquel argues that Tal "used the power of its patents to keep from the public eye the Scarbinsky prior art which would have alerted the public to the fact that Tal's patents were very suspect." Esquel's Sur-Response at 1.

"Patent misuse is an equitable defense to patent infringement." U.S. Philips Corp. v. Int'l Trade Comm'n, 424 F.3d 1179, 1184 (Fed. Cir. 2005). "The key inquiry is whether, by imposing conditions that derive their force from the patent, the patentee has impermissibly broadened the scope of the patent grant with anticompetitive effect." Id. at 1184-85 (internal quotations and citations omitted). Because the licensing arrangement in question does not constitute per se misuse,[1] Esquel's patent misuse allegation should be analyzed under the "rule of reason" test. See id. at 1185. "[U]nder the rule of reason, a practice is impermissible only if its effect is to restrain competition in a relevant market." Id.

From the record, it is clear that the Tal-PVH license agreement – both the written agreement entered in December 1997 and the contemporaneous oral agreement modifying

---

[1] "The courts have identified certain specific practices as constituting per se patent misuse, including so-called 'tying' arrangements in which a patentee conditions a license under the patent on the purchase of a separable, staple good, . . . and arrangements in which a patentee effectively extends the term of its patent by requiring post-expiration royalties." Va. Panel Corp. v. MAC Panel Co., 133 F.3d 860, 869 (Fed. Cir. 1997) (internal citations omitted).

ORDER  3–

the royalty arrangement – was consummated at approximately the same time as PVH's abandonment of Mr. Scarbinsky's patent application. As previously noted, PVH did not respond to the USPTO's letter of August 18, 1997, and, as a result, the USPTO issued a Notice of Abandonment in April 1998. However, the contemporaneous timing of the events is the only "fact" raised by Esquel connecting these events.

The direct evidence in the record indicates it was Tal counsel's understanding, as of October 1997, that PVH was going to abandon its application "based upon lack of true inventorship." Esquel's Sur-Response, Ex. I. This is obviously a valid reason for abandoning a patent application and is consistent with Mr. Wong's testimony that he believes Mr. Scarbinsky copied his invention. Stolte Decl., docket no. 202, Ex. N (Wong Dep.) at 165:23-166:18. PVH's Arthur R. Heffner testified that although he was not involved in the decision to abandon Mr. Scarbinsky's application, he "heard" that "the consideration to abandon it was because TAL had filed a patent for a similar type of operation and their application preceded ours." Taltech's Reply, Appendix 9 (Heffner Dep.) at 103:5-9. Esquel argues that this is hearsay and should not be considered by the Court. Esquel's Sur-Response at 3 n.3. The Court does not consider this testimony; however, the Court notes that in Mr. Heffner's deposition, Esquel asked Mr. Heffner who would have been involved in PVH's decision to abandon Mr. Scarbinsky's patent application, to which Mr. Heffner provided three people's names. Id. at 103:21-24. Esquel has failed to provide the Court with any testimony from these, or other, witnesses, or any other evidence that PVH abandoned the application for reasons other than the lack of true inventorship.[2] Furthermore, Esquel has provided no evidence of competitive injury in a relevant market to satisfy the rule of reason test. See Esquel's Sur-Response at 5. Esquel appears to argue that all it must

---

[2] Even if Esquel had raised a genuine issue of material fact that Tal waived PVH's duty to pay certain royalties in exchange for PVH's abandonment of Mr. Scarbinsky's patent application, Esquel is not precluded from submitting the Scarbinsky seam as prior art in an attempt to prove the invalidity of Taltech's patents on pucker free seam technology.

ORDER  4–

show is "public injury," but it fails to support this proposition with applicable legal authority. The Court concludes that Esquel has failed to raise a genuine issue of material fact to preclude summary judgment.

## CONCLUSION

The Court GRANTS the deferred portion of Taltech's Motion for Partial Summary Judgment, docket no. 198, regarding Esquel's patent misuse contention relating to Taltech's license agreement with PVH.  The Court DISMISSES with prejudice Esquel's "PVH" patent misuse defense.

IT IS SO ORDERED.

DATED this 15th day of September, 2006.

*Thomas S. Zilly*
Thomas S. Zilly
United States District Judge